CASE 83—PETITION ORDINARY—NOVEMBER 1.

# Gibbs, &c., v. Davis.

APPEAL FROM CALLOWAY CIRCUIT COURT.

1. SALE OF DEBTOR'S "LIFE ESTATE" IN LAND IN WHICH HE OWNS FEE.—Where a debtor's "life estate" in land was levied on under attachment and sold under judgment of court, the purchaser acquired an estate for the life of the debtor, although the debtor in fact owned the fee, the judgment, although erroneous, not being void.

2. SAME—PENDENTE LITE PURCHASER.—A creditor having had his execution levied upon the land subsequent to the levy of the attachment upon the "life estate," and also subject to that levy, whatever interest he acquired by his purchase was subordinate to the lien of the attaching creditor to the extent it was adjudged to exist, he being a *pendente lite* purchaser.

SMITH & ROBBINS FOR APPELLANTS.

1. The claim of appellee to the land in controversy is *res judicata*. To render a matter *res judicata*, it is not essential that it should have been distinctly and specifically put in issue by the pleadings. It is sufficient that it is shown to have been tried and settled in the former suit.  (Henderson v. Henderson, 3 Hare, 100, 115; Talbott v. Todd, 5 Dana, 190; La Green v. Gouverneur, 1 Johns. Cases, 436; Watson v. Carmon's Adm'r, 10 Ky. Rep., 288; Snapp v. Snapp, &c., 10 Ky. Rep., 599; Honaker v. Cecil, 8 Ky. Rep., 188.)

2. The legal presumption is that the grantor did not intend to create an estate tail, because it is forbidden by law.  (8 Bush, 523; 83 Ky., 440.)

    The words "bodily heirs" and "heirs of the body" may operate as words of purchase.  (Tucker v. Tucker, 78 Ky., 503; Prescott v. Prescott, 10 B. M., 58.)

3. Even if J. W. Davis was vested with a fee-simple title, still plaintiff can not recover herein, as under his levy and sale he could in no wise claim more than title to the life estate, as no more than that was levied on, and that levy is made subject to defendant's levy.

D. G. PARK, W. P. LEE FOR APPELLEE.

1. The deed from I. F. Davis to F. G. Davis and others, of date July 25, 1877, in former times would have created an estate tail and under our statute is converted into a fee-simple.

2. The sale of the debtor's "life estate" in land where he owns the fee, passes nothing to the purchaser.  (Freeman on Void Judicial Sales, sec. 36; Dougherty v. Linthicum, 8 Dana, 198; Bullard v. Hinkley, 6 Greenleaf, 289; s. c., 20 Am. Dec., 308; Crane v. Guthrie, 48 Iowa, 542; Braley v. Simonds, 61 N. H., 369.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

This action was brought by appellee, F. G. Davis, against appellants, Q. V. Dyer and her husband, George Dyer, and tenant, Boaz Gibbs, to recover possession of a tract of land. The plaintiff claims and traces his title as

follows: In 1877, I. F. Davis conveyed to his three nephews, F. G. Davis, V. P. Davis and J. W. Davis, a tract of land, and by deeds of partition the parcel in controversy was conveyed by the other two joint owners to J. W. Davis. In 1886, upon a judgment in favor of Bamberger, Bloom & Co., against J. W. Davis and F. G. Davis, execution was issued and levied on the land in dispute, and at the sale it was purchased by F. G. Davis, to whom, in 1889, the sheriff made a deed therefor.

The defendant on the other side claims title thus: In September, 1884, the defendant, Q. V. Dyer, who was then wife of J. W. Davis, brought an action against him for divorce and alimony, an attachment being issued and levied on personal property alleged to belong to him, and also upon *his life estate* in the tract of land in dispute. And by the judgment of divorce, rendered in her favor, *his life estate* in the land so levied on was directed sold to pay amount of alimony and costs allowed; she becoming purchaser and subsequently receiving a commissioner's deed, by which such estate of J. W. Davis was in terms conveyed to her.

A jury having been waived and law and facts of this case submitted to the court, judgment was rendered in favor of the plaintiff for recovery of the land. To authorize that judgment it must be assumed that J. W. Davis acquired under the deed from I. F. Davis, followed by the deed of partition, a fee-simple title to the land and that, because only his life estate was levied on under the attachment and sold, the commissioner's deed to Q. V. Davis, now Dyer, was ineffectual for any purpose.

We are satisfied J. W. Davis did, when the land was levied on and sold, have, if not an absolute title, certainly

a defeasible fee; which was of course an interest in the land greater in quantity than an estate for life. And we are inclined to the opinion, that if such levy and coerced sale of his life estate merely had been made by the sheriff in pursuance of a writ of *fieri facias,* the proceeding would have been void and no title have passed by his deed. But the sale, as well as deed to Q. V. Davis, was made by a commissioner in pursuance of judgments rendered in an action to which J. W. Davis appeared as party defendant; and the report of sale was formally excepted to by him, one of the grounds of exception being that his life estate in the land, instead of the entire estate owned by him, had been levied on under the attachment and sold by the commissioner. The judgments can not be therefore treated as void; although we think they were erroneous, and an appeal might have resulted in setting aside the sale. But as no appeal has been nor could now be prosecuted, they must be treated as valid, and the title acquired by F. G. Davis to the life estate of J. W. Davis as to him at least effectual. For if he might have himself conveyed and passed title to his life estate or any quantity of interest in the land, less than the fee, to one person, and remainder interest to another, or even retaining the reversion, we do not see why the judgments that he elected to abide by, should not be held effectual for the same purpose.

It is, however, contended for appellee, F. G. Davis, that he is not bound by the judgment rendered in that action, and that his subsequent purchase under execution and sheriff's deed operated to give him an absolute title to the land and right to immediate possession, notwithstanding the previous purchase by and conveyance to

Q. V. Davis of the life estate. But it seems to us that position is not tenable, because the levy under execution having been made subsequent to levy under the attachment, and as stated in the officer's return, also subject to that levy, whatever right or interest appellee may have acquired by his purchase under the execution, being *lis pendens*, must be subordinate to the lien to the extent it was adjudged to exist, and be enforceable in favor of the attaching creditor against J. W. Davis. Besides, appellee was a party to the action of Q. V. Davis against J. W. Davis, and although the only contest made between him and the plaintiff was in reference to attached personal property claimed by him, there is enough in the record to show he had actual notice of the sale to appellant and of exceptions filed to that sale, and, consequently, is bound by the judgment for the sale as well as that confirming report of such sale and directing a deed made to her for the life estate of J. W. Davis. In our opinion, therefore, Q. V. Davis, now Dyer, acquired a perfect title to such life estate, and appellee, F. G. Davis, can not, while J. W. Davis lives, maintain an action for recovery of the land from her.

The judgment is reversed and cause remanded for dismissal of the action.